|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| DON KING PRODUCTIONS, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EL MANGOITO, et al.,<br><br>    Defendants. | Civil No. 05-1192 (JAF) |

**O R D E R**

Plaintiff, Don King Productions, brings this action against sixteen businesses (restaurants, hotels, and/or bars), the owners of the businesses, and the owners' spouses and respective conjugal partnerships, alleging the unauthorized exhibition of Plaintiff's copyrighted boxing match ("the Event") in violation of the Federal Communications Act, 47 U.S.C. § 605 (2001 & Supp. 2005). Docket Document Nos. 1, 31 (amended). Defendant Klaus Schweigart, the alleged owner and/or operator of Defendant Schamar Hotel (sometimes also referred to in the filings as "Schamar"), moves to dismiss for failure to state a claim. Docket Document No. 74. Plaintiff opposes the motion. Docket Document No. 77.

In relevant part, Defendant Schweigart avers that: (1) "'Schamar' is a Corporation duly licensed and registered in the Department of State; Commonwealth of Puerto Rico and for which [Schweigart] does not do business under his name[;]" and (2) "Even if

Civil No. 05-1192 (JAF)                                                -2-

Plaintiff proves his allegations against Shamar, Inc [sic] this would have no bearing on Mr. Schweigart for plaintiff has not set fourth [sic] the essential elements necessary to state a claim, against Mr. Schweigart, upon which relief may be granted." Docket Document No. 74. We interpret Defendant Schweigart's motion as arguing that Plaintiff fails to state a claim upon which relief can be granted because Defendant Schweigart is not the Schamar Hotel's owner. Alternatively, Defendant Schweigart may be arguing that because Defendant Schamar is a corporate entity, he is not personally liable for claims brought in relation to the Schamar Hotel's operation.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action against him based solely on the pleadings for the plaintiff's "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss, "[w]e begin by accepting all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [nonmovant]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993); see also Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st Cir. 1992). We then determine whether the plaintiff has stated a claim under which relief can be granted.

A plaintiff must only satisfy the simple pleading requirements of Federal Rule of Civil Procedure 8(a) in order to survive a motion to dismiss. Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002); Morales-Villalobos v. Garcia-Llorens, 316 F.3d 51, 52-53 (1st Cir.

Civil No. 05-1192 (JAF)                                              -3-

2003); DM Research, Inc. v. College of Am. Pathologists, 170 F.3d 53, 55-56 (1st Cir. 1999). The pleading requirements merely require Plaintiff to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and he need only give the respondent fair notice of the nature of the claim and its underlying basis. Swierkiewicz, 534 U.S. at 512-515. "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Id. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

At this stage in the litigation, since "we take the factual averments contained in the complaint as true," Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 17 (1st Cir. 1992), we will not engage in settling factual disputes, such as Defendant Schweigart's avowal that he is not affiliated with the Schamar Hotel.[1]

---

[1] In support of his motion to dismiss, Defendant Schweigart attaches an official document, untranslated from its original language of Spanish, which appears to state Schamar's corporate license number and the date upon which the corporation was registered. Docket Document No. 74, Exh. 1. Non-English materials submitted to the court for review may not be considered during the pre-trial process or become part of the record. Estades-Negroni v. Assoc. Corp. of N. Am., 359 F.3d 1, 2 (1st Cir. 2004); see also 48 U.S.C. § 864 (2003); Local Civil Rule 5.1(d). In any case, the document neither confirms nor denies Defendant Schweigart's affiliation with Schamar, but simply affirms that Schamar is a corporate entity.

Civil No. 05-1192 (JAF)                                             -4-

The complaint implicates Defendant Schweigart, personally. Plaintiff's complaint clearly alleges that Defendant Schweigart, himself, engaged in illegal activity in violation of 47 U.S.C. § 605. Docket Document No. 31. Specifically, Plaintiff alleges that Defendant Schweigart "through person to person word of mouth or other means, advertised that [he was] to exhibit the Event, even though [he] did not seek permission to do so." Id. Plaintiff further alleges that Defendant Schweigart "willfully intercepted and/or received the interstate communication of the Event" or, in the alternative, that he "assisted in the receipt of the interstate communication of the Event" in violation of the 47 U.S.C. § 605. Id.

As the complaint alleges illegal activity by Defendant Schweigart and is, therefore, sufficient for Rule 12(b)(6) purposes, we need not reach the issue as to whether Defendant Schweigart is personally liable for the illegal activity of an independent corporate entity, the Schamar Hotel, under the Communications Act. In any case, Defendant Schweigart fails to adequately develop, explain, or even articulate this argument in order for it to warrant serious consideration. Donahue v. City of Boston, 304 F.3d 110, 122 (1st Cir. 2002)("Our general rule with regard to . . . poorly developed arguments is to treat them as forfeited.").

If Defendant Schweigart wishes to dispute the allegations in Plaintiff's complaint, he must do so in a motion for summary judgment, which we will grant "if the pleadings, depositions, answers

Civil No. 05-1192 (JAF)                                                              -5-

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

For the reasons stated herein, Defendant Schweigart's motion to dismiss is **DENIED**. Docket Document No. 74.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 25th day of January, 2006.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U. S. District Judge