|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |
| DON KING PRODUCTIONS, INC., | |
| Plaintiff, | Civil No. 05-1192 (JAF) |
| v. | |
| EL MANGOITO, et al., | |
| Defendants. | |

**O R D E R**

Plaintiff, Don King Productions, brings this action against sixteen businesses (restaurants, hotels, and/or bars), the owners of the businesses, and the owners' spouses and respective conjugal partnerships, alleging the unauthorized exhibition of Plaintiff's copyrighted boxing match ("the Event") in violation of the Federal Communications Act, 47 U.S.C. § 605 (2001 & Supp. 2005). Docket Document Nos. 1, 31 (amended). Defendants Hacienda Restaurante Gaby's World, Gaby's World, Inc. d/b/a El Caballito de Gaby's World, Gabriel Roura Seda, and Ileana Vélez Seda (collectively, "Defendant Hacienda") bring a counterclaim against Plaintiff, alleging that the complaint was brought in bad faith and under fraudulent pretenses. Docket Document No. 32. Plaintiff moves to dismiss for failure to state a claim. Docket Document No. 34.

Defendant Hacienda did not specify a Commonwealth or federal statute under which it seeks counterclaim relief. Docket Document

No. 32. Arguing for dismissal of the counterclaim, Plaintiff avers that neither the Communications Act nor Puerto Rico statutory law provide relief for malicious prosecution. Docket Document No. 34. We agree.

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss an action against him based solely on the pleadings for the claimant's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). Even under the simplified pleading standard, we find that Defendant's counterclaim fails to state a claim upon which relief can be granted.

A party may seek relief through a federal statute "only if such right arises (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) via the power of the courts to formulate federal common law." Mortgages, Inc. v. U.S. Dist. Court for Dist. of Nev., 934 F.2d 209, 212 (9th Cir. 1991). The Communications Act does not create a right of action for malicious prosecution. 47 U.S.C. § 605. While "federal courts may formulate federal common law in those areas dominated by strong national or federal concerns such as controversies between states,

Civil No. 05-1192 (JAF)                                                -3-

admiralty matters, or foreign relations," none of these interests are implicated here. Id., 934 F.2d at 213. As "federal courts no longer create private rights of action without support in either the statutory text or the legislative history," Levit v. Ingersoll Rand Financial Corp., 874 F.2d 1186, 1191 (7th Cir. 1989)(citing Karahalios v. Fed. Employees Union, 489 U.S. 527 (1989)), we will not create a right of action that has never before been mentioned, recognized, or in any way construed under the Communications Act.

The Puerto Rico Civil Code only provides tort relief for malicious criminal prosecution. P.R. Laws Ann. tit. 31, § 5141 (1990 & Supp. 2004). "The four essential elements of the malicious prosecution tort are: (1) the criminal action was initiated and instigated by the defendant; (2) the criminal action terminated in favor of the plaintiffs; (3) the defendant initiated the action with malice and without probable cause; and (4) as a consequence, the plaintiffs suffered damages." Rivera-Marcano v. Normeat Royal Dane Quality, 998 F.2d 34, 37 (1st Cir. 1993)(citing Ocasio v. Rosa, 88 J.T.S. 42 (1988)). The underlying cause of action in this case is not a criminal prosecution, and so Commonwealth law provides no cause of action to support Defendant Hacienda's counterclaim.

For the reasons stated herein, Plaintiff's motion to dismiss Defendant Hacienda's counterclaim is **GRANTED**. Docket Document No. 34. Partial judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Civil No. 05-1192 (JAF)                                                         -4-

1          San Juan, Puerto Rico, this 25th day of January, 2006.

2                                              S/José Antonio Fusté
3                                              JOSE ANTONIO FUSTE
4                                              Chief U. S. District Judge